**MIDDLEBROOKS SHAPIRO, P.C.**
841 Mountain Avenue, First Floor
Springfield, New Jersey 07081
(973) 218-6877
(973) 218-6878 (fax)
Angela Nascondiglio, Esq.
*nascondiglio@middlebrooksshapiro.com*
Attorneys for the Plaintiff, Vincenzo Polise

| | |
|---|---|
| In re:<br><br>**VINCENZO POLISE,**<br><br>        Chapter 13 Debtor. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Chapter 13<br><br>Case No. 18-17775 (VFP) |
| **VINCENZO POLISE,**<br><br>        Plaintiff,<br><br>v.<br><br>**VICTORIA POLISE, BUDD LARNER, P.C., SKOLOFF & WOLFE, P.C., JOHN DOES 1-10, JANE DOES 1-10, ABC CORPS. 1-10, AND XYZ LLCS 1-10,**<br><br>        Defendants. | Hon. Vincent F. Papalia<br><br>Adv. Pro. No. 18-_____-RG<br><br>**VERIFIED ADVERSARY COMPLAINT** |

      **PLAINTIFF, VINCENZO POLISE**, by and through his counsel Middlebrooks Shapiro, P.C. (hereinafter "MSPC"), for his Verified Adversary Complaint against defendants Victoria Polise, Budd Larner, P.C., Skoloff & Wolfe, P.C., John Does 1-10, Jane Does -10, ABC Corps. 1-10, and XYZ LLCs 1-10 (collectively referred to herein as the "Defendants"), alleges as follows based on his personal knowledge for himself, and upon information and belief as to the acts of others:

1

## <u>PARTIES</u>

1.      Plaintiff Vincenzo Polise (hereinafter the "<u>Plaintiff</u>") is an individual residing at 33 Harrison Road, Kinnelon, New Jersey 07405.  Plaintiff is the debtor in the underlying voluntary Chapter 13 bankruptcy case Docket[1] No. 18-17775-VFP (hereinafter the "<u>Bankruptcy Case</u>").

2.      Defendant Victoria Polise is, upon information and belief, an individual residing at 75 Stony Brook Road, Montville, New Jersey 07045.

3.      Defendant Budd Larner, P.C. (hereinafter "<u>Budd Larner</u>") is, upon information and belief, a professional corporation with its principal office located at 150 John F. Kennedy Parkway, Short Hills, New Jersey 07078.

4.      Defendant Skoloff & Wolfe, P.C. (hereinafter "<u>Skoloff & Wolfe</u>") is, upon information and belief, a professional corporation with its principal office located at 293 Eisenhower Parkway, Livingston, New Jersey 07039.

5.      Defendants John Does 1-10 are individuals not yet identified who may be named or later joined in this litigation.

6.      Defendants Jane Does 1-10 are individuals not yet identified who may be named or later joined in this litigation.

7.      Defendants ABC Corporations 1-10 are corporate entities which may be named or later joined in this litigation.

8.      Defendants XYZ LLCs 1-10 are limited liability corporations which may be named or later joined in this litigation.

---

[1] Unless otherwise specified, all references to the "Docket" herein refer to the Bankruptcy Case.

## JURISDICTION AND VENUE

9.      This is an adversary proceeding brought by Plaintiff pursuant to Federal Rules of Bankruptcy Procedure 7001(1), (2), (7), and (9) and includes, but is not limited to, sections 105(a) and 542 of title 11 of the United States Code (hereinafter the "Bankruptcy Code"), as well as 28 U.S.C. § 2201(a).

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334.

11.     This is a core proceeding as defined in 28 U.S.C. § 157 and including but not limited to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), and (K).

12.     Venue is proper with this Court pursuant to 28 U.S.C. § 1408.

## FACTUAL ALLEGATIONS

13.     In 2012, the Plaintiff commenced a divorce action bearing Docket No. FM-14-270-13 in the Superior Court of New Jersey, Chancery Division, Family Part, in Morris County, New Jersey (the "Family Court").

14.     On May 1, 2013, The Honorable Thomas J. Critchley of Morris County Superior Court, Chancery Division, Family Part, executed a Final Restraining Order in favor of Plaintiff against Victoria Polise, containing Docket No. FV-14-000820-13.

15.     After the Plaintiff commenced a divorce, the Family Court advised the Plaintiff that counsel to the Plaintiff, Skoloff & Wolfe, was to hold the Plaintiff's Rolex Datejust Watch and Rolex Yacht Mater II Watch (collectively the "Watches") in attorney trust.

16.     Budd Larner represented the Plaintiff's now ex-wife, Victoria Polise, in the Family Court matter.

17.     On September 4, 2013, the Family Court entered a "Judgment And Charging Lien Pursuant To N.J.S.A. 2A:13-5 In Favor Of Budd Larner, P.C., And Against The Defendant [Victoria Polise] And Any Interest She May Derive In The Captioned Matter" bearing Docket No. FM-14-270-13.  A true and correct copy of the September 4, 2013 Charging Lien (the "Charging Lien") is annexed hereto as **Exhibit A**.

18.     On April 23, 2015, Victoria Polise filed a Chapter 13 Petition with the United States Bankruptcy Court, District of New Jersey, bearing Case No. 15-17512-VFP.  Plaintiff obtained an Order Grating Relief from the Automatic Stay in Victoria Polise's Chapter 13 case, but Victoria Polise's case was dismissed on November 13, 2015. *See*, Case No. 15-17512-VFP at Docket Nos. 42 and 52.

19.     On January 26, 2016, Victoria Polise filed a second Chapter 13 Petition with the United States Bankruptcy Court, District of New Jersey, bearing Case No. 16-11296-VFP, which was filed within one year of the first Chapter 13 Petition.  To date, there has been no Order entered in Case No. 16-11296-VFP reinstating the automatic stay as to Vincenzo Polise[2].

20.     On August 5, 2016, the Plaintiff and Victoria Polise obtained a divorce from the Family Court.

21.     On January 18, 2017, an Order After Trial was entered by Judge Maenza of the Family Court, awarding the Plaintiff the following to be paid by Victoria Polise:

    a.  $17,137.50 based upon Defendant's [Victoria Polise's] violation of the IRA liquidation order of Judge Zampino;

    b.  $4,477 which was the resultant income tax refund loss sustained by the Plaintiff as a result of the aforesaid violation;

---

[2] Pursuant to U.S.C. § 362 and including but not limited to 11 U.S.C. §§ 362(c)(3)(A) and (B).

    c.   $9,000 which was Plaintiff's 50% share of the former joint checking account;

    d.   $4,713 reimbursement to Plaintiff to lift the bankruptcy stay; and

    e.   $6,000 reimbursement to Plaintiff for payments made as the result of the Defendant's TANF application.

A true and correct copy of the January 18, 2017 Order After Trial (the "Order After Trial") is annexed hereto as **<u>Exhibit B</u>**.

    22.    The Order After Trial also reflected that:

> The Plaintiff shall retain all right, title and interest, in and to the Rolex watches presently in the custody of his attorney.  His attorney is authorized to release these watches directly to the Plaintiff.  Plaintiff is awarded his comic book collection, his desk, his photos, diplomas, and his humidor.  Defendant shall make immediate arrangements through counsel for the transfer of these items.

*See*, **<u>Exhibit B</u>**.

    23.    On April 18, 2018, Plaintiff commenced the Bankruptcy Case by filing his voluntary "bare bones" Chapter 13 Petition with this Court by and through MSPC. *See*, Docket No. 1.

    24.    On April 30, 3018, the Debtor filed the balance of his Chapter 13 Petition and Schedules.  *See*, Docket No. 8.

    25.    The Debtor listed a used Rolex Yacht Mater II Watch on his Petition at Schedule A/B listing the value as $13,500.00 ($15,000.00 minus ten percent (10%) cost of sale), and indicated same was being held in escrow by the Debtor's former divorce attorneys. *See*, *Id.* at Schedule A/B.

    26.    The Debtor also listed a used Rolex Datejust Watch on his Petition at Schedule A/B listing the value as $6,300.00 ($7,000.00 minus ten percent (10%) cost of

sale), and again indicated same was being held in escrow by the Debtor's former divorce attorneys. *See*, *Id.* at Schedule A/B.

27.    The Internal Revenue Service (the "IRS") filed Proof of Claim No. 3-1 signed as of May 23, 2018 reflecting a claim in the amount of $49,748.44 secured as to "all debtor(s) right, title and interest to property" under 26 U.S.C. §6321.  *See*, Claims Register at Proof of Claim No. 3-1.

28.    On May 24, 2018, Proof of Claim No. 4-1 was filed on behalf of Victoria Polise reflecting a priority claim amount of $63,117.39. *See*, Claims Register at Proof of Claim No. 4-1.

29.    On August 14, 2018, an amended Schedule C of Exemptions was filed by on behalf of Plaintiff.  *See*, Docket No. 30.

## COUNT ONE

### Turnover and Recovery of Property
**(Defendant Skoloff & Wolfe)**

30.    Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

31.    Pursuant to 11 U.S.C. § 542:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

32.     Skoloff & Wolfe received Plaintiff's property during the previous Family Court matter. Therefore, Skoloff & Wolfe received property of Plaintiff's bankruptcy estate.

33.     The Watches are of value and benefit to the estate, as the collective $19,800.00 value of the Watches can be used to <u>satisfy</u> creditors and/or to satisfy the Debtor's exemptions.

34.     The Order After Trial also specifically reflected that Plaintiff was to retain all right, title and interest, in and to the Watches in the custody of his attorney, and that Skoloff & Wolfe was authorized to release these Watches directly to Plaintiff.

35.     Accordingly, based upon the foregoing proofs, Skoloff & Wolfe must turn over the Watches to the Plaintiff for the benefit of the bankruptcy estate.

36.     Wherefore, Plaintiff request declaratory judgment and entry of an Order against defendant Skoloff & Wolfe, as follows:

    (a)  ordering that Plaintiff's Watches held in trust be immediately turned over to the Plaintiff;

    (b)  reimbursing Plaintiff for all reasonable attorneys' fees, costs and disbursements for the filing and prosecution of the within adversary complaint; and

    (c)  awarding Plaintiff such other and further relief as this Court deems just and appropriate.

## COUNT TWO

### Declaring Watches Free and Clear
**(Defendant Budd Larner)**

37.     Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

38.     The Charging Lien is not against Plaintiff, but rather is against Victoria Polise, and Plaintiff's Watches are therefore not subject to the Charging Lien.

39.     As discussed *supra*, the Family Court Order After Trial awarded the Watches to Plaintiff.

40.     Accordingly, Budd Larner does not hold a lien against the Watches.

41.     Wherefore, Plaintiff request declaratory judgment and Order as against defendant Budd Larner, as follows:

  (a)  ordering that the Watches are owned free and clear by the Plaintiff;

  (b)  declaring that Budd Larner does not hold a lien against the Watches;

  (c)  reimbursing Plaintiff for all reasonable attorneys' fees, costs and disbursements; and

  (d)  awarding Plaintiff such other and further relief as this Court deems just and appropriate.

## COUNT THREE

### Amounts and Property Owed to Plaintiff Per Family Court Order
### (Defendant Victoria Polise)

42.     Plaintiff realleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

43.     Pursuant to 28 U.S.C. § 157(b)(2)(C), Plaintiff is asserting counterclaims against Victoria Polise per her filing of Proof of Claim No. 4-1 against the bankruptcy estate.

44.     The Order After Trial[3] reflects that Victoria Polise was to pay the Plaintiff $41,327.50 per the award of the Family Court.

45.     Accordingly, there is an award due to Plaintiff from Victoria Polise.

---

[3] The January 18, 2017 Order After Trial was entered almost one (1) year after Victoria Polise's second bankruptcy filing (post-petition).

46.     The Order After Trial also reflects that Plaintiff was awarded his comic book collection, his desk, his photos, diplomas, and his humidor, and that Victoria Polise was to make <u>immediate</u> arrangements through counsel for the transfer of these items. Such "immediate" arrangements should not have required Plaintiff to incur additional legal fees for enforcements of the Order After Trial.

47.     There is also accordingly due and owing to the Plaintiff the items listed above as set forth by the Family Court.

48.     Wherefore, Plaintiff requests judgment and an Order against defendant Victoria Polise as follows:

    (a)  ordering defendant Victoria Polise to pay Plaintiff the sum of $41,327.50 per the Order After Trial;

    (b)  ordering defendant Victoria Polise to immediately return the Plaintiff's comic book collection, desk, photos, diplomas, and humidor, or in the alternative, awarding Plaintiff sums equal to the value of the above items;

    (c)  reimbursing Plaintiff for all reasonable attorneys' fees, costs and disbursements; and

    (d)  awarding Plaintiff such other and further relief as this Court deems just and appropriate.

## <u>RESERVATION OF RIGHTS</u>

Plaintiff reserves the right, to the extent permitted under the Bankruptcy Code, the Bankruptcy Rules, the Federal Rules, the Local Bankruptcy Rules, and New Jersey State law, and/or by agreement, to assert additional claims, causes of action, and/or prayers for relief against any third party relating to the subject matter of this action or otherwise.

Respectfully submitted,

**MIDDLEBROOKS SHAPIRO, P.C.**

841 Mountain Avenue, First Floor
Springfield, New Jersey   07081
(973) 218-6877
(973) 218-6878 (fax)
Attorneys for the Plaintiff,
Vincenzo Polise

/s/ Angela Nascondiglio

_____

By: Angela Nascondiglio, Esq.

Dated: August 14, 2018

## **VERIFICATION**

**VINCENZO POLISE**, of legal age, hereby declares as follows:

1.      I am the above-captioned Plaintiff.

2.      The allegations contained in this Verified Complaint are true to the best of my knowledge, information and belief.

3.      I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


/s/ Vincenzo Polise
Vincenzo Polise

Dated: August 14, 2018

# Exhibit

## "A"

BUDD LARNER, P.C.
150 John F. Kennedy Parkway, CN1000
Short Hills, New Jersey 07078-2703
(973) 315-4420
email: tbaldwin@buddlarner.com
Attorneys for Petitioner, *pro se*



F I L E D
SEP 4 2013
Hon. Michael E. Hubner, J.S.C.

|  |  |
|---|---|
| VINCENZO POLISE, | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION, FAMILY PART<br>: MORRIS COUNTY<br>: DOCKET NO.: FM-14-270-13 |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| VICTORIA POLISE, | : **JUDGMENT AND CHARGING LIEN PURSUANT**<br>: **TO N.J.S.A. 2A:13-5 IN FAVOR OF**<br>: **BUDD LARNER, P.C., AND AGAINST** |
| Defendant. | : **THE DEFENDANT AND ANY INTEREST SHE**<br>: **MAY DERIVE IN THE CAPTIONED MATTER** |

**THIS MATTER** having been opened to the Court by Budd Larner, P.C. (hereinafter, "Petitioner"; Thomas D. Baldwin, Esq., appearing), *pro se*, upon proper notice provided to Skoloff & Wolfe, P.C. (Thomas DeCataldo, Esq., appearing), last known counsel for the plaintiff, Vincenzo Polise, and the defendant (Petitioner's former client), Victoria Polise, individually and by and through her last known counsel Donahue, Hagan, Klein & Weisberg, LLC (Debra S. Weisberg, Esq., appearing), and it appearing that defendant having entered into a written fee retainer agreement for legal services with Petitioner dated September 6, 2012 ("the Agreement"), which concerns and relates to the above-captioned matter; and it

942203

further appearing that there are no genuine issues of material fact militating against the entry of summary judgment in Petitioner's favor and against defendant in the sum of $64,453.60, which is also a lien (hereinafter "the Lien") pursuant to N.J.S.A. 2A:13-5 (hereinafter "the Statute"), which Lien arises out of Petitioner's attorney/client relationship with defendant pursuant to a written fee retainer agreement between them dated September 6, 2012 (hereinafter "the Agreement"), and contains and attaches to any verdict, report, decision, award, judgment or final order in defendant's favor (hereinafter "Defendant's Interest"), and the proceeds thereof in whosoever hands they may come, and which Lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record, and good cause appearing; and for the reasons set forth in the attached statement of reasons; IT IS on this 4ᵗʰ day of September 2013, **ORDERED AND ADJUDGED** as follows:

1. **Judgment and Lien:** Judgment be and is hereby granted and entered in favor of Budd Larner and against defendant in the sum of $64,453.60 (the Judgment and Lien Amount), which is a judgment and a lien pursuant to N.J.S.A. 2A:13-5, and the Lien, as such, shall contain and attach to Defendant's Interest deriving from the within matter. Said Judgment and Lien Amount shall be adjusted to reflect contract interest having accrued pursuant to the terms of the

942203                                         2

*Vincenzo Polise v. Victoria Polise*
Docket No. FM-14-000270-13

The present application is brought by Defendant's former counsel, Budd Larner, pro se, for summary judgment of its fee payment rights flowing from the written fee retainer agreement entered into by its former client, the defendant, Victoria Polise, on September 6, 2012. Ms. Polise has not filed opposition to the motion.

### Charging Lien

Petitioner was retained by Defendant on September 6, 2012. Petitioner avers that Defendant has failed to comply with the terms of his retainer agreement and owes a balance of $64,453.60 to Petitioner's firm. Petitioner served Defendant with the pre-action fee arbitration notice required by Rule 1:20A-6 on March 31, 2013. There is no indication that Defendant has responded to that notice, thus, Petitioner filed this motion. Levine v. Levine, 381 N.J. Super. 1, 9 (App. Div. 2005) and N.J.S.A. 2A:13-5 address steps to be taken in order to collect unpaid legal fees and costs. Under N.J.S.A. 2A: 13-5, petitioner has made application to the court, as a step in the proceeding of the main cause, setting forth the facts upon which it relies for the determination and enforcement of the alleged lien. Petitioner has established that the client engaged the petitioner's firm for the purpose of representation in litigation, that a retainer agreement was prepared in accordance with the Rules Governing the Courts of the state of New Jersey, that the client signed the retainer agreement (which petitioner attached as an exhibit), that services were rendered, that billings rendered to the client were submitted, that a demand for payment was made, and that no payment had been made on the account due. Defendant has not filed an opposition to this motion.

It is well established that an attorney in a matrimonial action may petition for a charging lien on a client's assets and if there is a dispute relative to the fee charged, the attorney and client are entitled to a plenary hearing. See Levine v. Levine, *supra*. Given that petitioner has made an initial showing of what Plaintiff owes to the petitioner and Defendant has not responded, the Court GRANTS petitioner's request for a charging lien in the amount requested which shall attach to any settlement, decision, award, judgment, or final order in which Defendant may have or derive an interest in connection with his divorce action, and further GRANTS the request against dissipation of proceeds to which Defendant may be entitled in the underlying matrimonial action. The Court GRANTS petitioner's request for the escrowing of funds to which Defendant may be entitled, in order to protect petitioner's charging lien. The Court GRANTS petitioner's request for the notification of any settlement agreement, trial date, or listing of a property for sale. Finally, the Court GRANTS petitioner's request for counsel fees on this application in the amount of $1,200.00, which the Court determines to be the reasonable costs of preparing and filing their application without opposition or the need for further services beyond the filing of the Notice of Motion.

# Exhibit

# "B"

FILED

JAN 18 2017

PHILIP J. MAENZA, J.S.C.
JUDGE'S CHAMBERS
MORRIS COUNTY COURTHOUSE

### *ORDER PREPARED BY THE COURT*

|  |  |
|---|---|
| VINCENZO POLISE, | : SUPERIOR COURT OF NEW JERSEY |
|  | : CHANCERY DIVISION: FAMILY PART |
|  | : MORRIS COUNTY |
| Plaintiff, | : DOCKET NO: FM-14-270-13 |
|  | : |
| -vs- | : Civil Action |
|  | : |
| VICTORIA POLISE, | : ***ORDER AFTER TRIAL*** |
|  | : |
| Defendant. | : |

**THIS MATTER** having been tried before this Court on March 29,

30, 2016, April 6, 2016, June 14, 15, 20, 21, 2016 and July 18, 2016 and the

parties having been divorced on August 5, 2016, Plaintiff Vincenzo Polise,

represented by Thomas J. DeCataldo, Esq., of Skoloff & Wolfe, Esqs. and

Defendant, Victoria Polise, represented by Cecilia Sardina Guzman, Esq. of

the Law Office of Cecilia Sardina Guzman, LLC, and the Court having

heard the testimony of the parties and the evidence presented during the trial

including the legal briefs and arguments of counsel and for other good cause

shown;

**IT IS ON THIS 18TH DAY OF JANUARY, 2017 ORDERED AS
FOLLOWS:**

1. Plaintiff shall pay durational alimony to the Defendant in the amount of $962.00 per week effective March 29, 2016. This sum shall be tax deductible by the Plaintiff and taxable to the Defendant. It is based upon the Plaintiff's imputed income of $211,000 per year and the Defendant's imputed income of $67,000 per year. This shall be paid through probation via wage garnishment. Probation shall calculate arrears and determine an appropriate arrears payment.

2. Plaintiff shall pay child support for and on behalf of the three children of the marriage, to wit: Brianna (DOB:          ); Gennaro (DOB:          ); and Isabella (DOB:          ) in the weekly amount of $149 unallocated effective March 29, 2016 based upon a shared parenting arrangement. This shall be paid through probation via wage garnishment. Probation shall calculate arrears and determine an appropriate arrears payment. Plaintiff shall also provide health insurance benefits for the three children of the marriage and reimburse the Defendant for 2/3 the cost of any unreimbursed health expenses after she pays the first $250 per child per year. He shall provide the Defendant with insurance cards within 30 days from the date hereof.

3. The children's UTMA, 529 Accounts and other custodial accounts

without limitation, shall be maintained for their sole and exclusive benefit. Both parties shall be listed on the accounts and each party shall be able to obtain statements pertaining to same. The parties shall sign the forms necessary to effectuate this provision.

4. Plaintiff shall have the benefit of claiming two (2) of the children as his tax exemption/deduction for income tax purposes. Defendant shall have the benefit of claiming one (1) child as her tax exemption/deduction for income tax purposes. Through the years as a child is emancipated, the Plaintiff shall enjoy a minimum of one (1) exemption. The parties shall sign the necessary forms to effectuate this provision.

5. The Plaintiff shall be obligated to maintain life insurance in the minimum amount of $300,000 on his life with the unemancipated children designated as his equal irrevocable beneficiaries thereof designating Defendant as trustee until the children are emancipated. The Plaintiff shall be obligated to maintain life insurance in the amount of $500,000 on his life naming the Defendant as his designated beneficiary until his alimony obligation ceases. Plaintiff shall provide proof of life insurance within 30 days from the date hereof and on an annual basis thereafter.

6. The Plaintiff shall be responsible to pay the Defendant the sum of $60,000 for her equitable distribution share of two of the pharmacies

3

(Nature's Way and Rockaway). This award shall be sequestered in the attorney trust account of Skoloff & Wolfe, PC until the attorney lien of Budd Larner entered on September 12, 2013 is resolved. The Defendant is awarded one-half the $4,000 per month the Plaintiff will receive from the sale of the Little Falls pharmacy or $2,000. Said sum will not be paid to her but used to pay down her financial obligations to Plaintiff as per the previous orders of this Court and to satisfy her court ordered restitution. Plaintiff shall provide written proof of receipt of the aforesaid proceeds and an accounting as to the expenditures to the Defendant. Plaintiff shall notify probation once the restitution has been fully paid.

7. The Plaintiff is awarded the following sums:

a. $17,137.50 based upon Defendant's violation of the IRA liquidation order of Judge Zampino;

b. $4,477 which was the resultant income tax refund loss sustained by the Plaintiff as the result of the aforesaid violation;

c. $9,000 which was Plaintiff's 50% share of the former joint checking account;

d. $4,713 reimbursement to Plaintiff to lift the bankruptcy stay;

e. $6,000 reimbursement to Plaintiff for payments made as the result of the Defendant's TANF application.

4

8. The Defendant is awarded one-half the value of the Plaintiff's

403(b) account which sum shall be applied as an offset against her financial

obligations to the Plaintiff as set forth herein and otherwise.

9. The Defendant shall release, relinquish and devise all of her right,

title and interest in and to the Pent Suite Condo in Las Vegas to the Plaintiff

within 30 days from the date hereof. Plaintiff shall be required to prepare all

the necessary documents to accomplish this transfer. Plaintiff shall also

indemnify, defend, and hold Defendant harmless for any and all liabilities

which exist in connection with said condo.

10. The Plaintiff shall retain all right, title and interest, in and to the

Rolex watches presently in the custody of his attorney. His attorney is

authorized to release these watches directly to the Plaintiff. Plaintiff is

awarded his comic book collection, his desk, his photos, diplomas, and his

humidor. Defendant shall make immediate arrangements through counsel

for the transfer of these items.

11. Defendant is awarded full and complete ownership of the grand

piano.

12. Each party shall be responsible for their own credit card debt.

13. The orders previously entered by Judge Zampino shall remain in

full force and effect. This includes the disposition of the time shares and the

5

Plaintiff's obligation to pay St. Pius School tuition "past, present and future tuition."

    14.  Counsel fees are denied.

    15.  The Court has provided a copy of this order to counsel for the parties.

Philip J. Maenza, J.S.C.

**See Opinion After Trial**

6